**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

RALPH HOMER CORPUZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64936

**FILED**

NOV 1 2 2014



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of driving and/or being in actual physical control of any vehicle while under the influence of intoxicating liquor causing death and/or substantial bodily harm. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Ralph Homer Corpuz contends that the district court erred by denying his motion to suppress the blood evidence because it was taken in violation of the Fourth Amendment as outlined in *Missouri v. McNeely*, 569 U.S. ___, 133 S. Ct. 1552 (2013) (plurality opinion). When reviewing a district court's decision regarding a motion to suppress, "[t]his court reviews findings of fact for clear error, but the legal consequences of those facts involve questions of law that we review de novo." *State v. Beckman*, 129 Nev. ___, ___, 305 P.3d 912, 916 (2013).

Here, the district court found that *McNeely* was inapplicable as the police officer testified that Corpuz consented to the blood draw after the officer read Nevada's implied consent to him. *See* NRS 484C.160(1).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-37291

Even assuming Corpuz did not consent to the blood draw, we have recently held that, while the warrantless, nonconsensual search provided for in NRS 484C.160(7) is unconstitutional, the good-faith exception to the exclusionary remedy applies when an officer reasonably and in good faith relied on the constitution validity of the statute. *See Byars v. State,* ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 85, October 16, 2014). Therefore, the district court did not err by denying Corpuz's motion to suppress.

Next, Corpuz claims that the district court abused its discretion by denying his motion for a new trial based on prosecutorial misconduct. We review the denial of a motion for a new trial for an abuse of discretion. *See Steese v. State,* 114 Nev. 479, 490, 960 P.2d 321, 328 (1998). When considering allegations of prosecutorial misconduct, we first determine whether the prosecutor's conduct was improper and then whether any improper conduct warrants reversal. *See Valdez v. State,* 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). Here, the prosecutor argued that Corpuz may have wanted to prove his car was faster than another, and Corpuz timely objected. After a brief bench conference, during which Corpuz claimed that the argument was not supported by evidence and was speculation, the district court sustained the objection, and the prosecutor immediately moved on. Even assuming that the argument constituted prosecutorial misconduct, we conclude that it was harmless error. *See Truesdell v. State,* 129 Nev. ___, ___, 304 P.3d 396, 402 (2013). Therefore,

the district court did not abuse its discretion by denying Corpuz's motion for a new trial.

Having considered Corpuz's claims and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.                _____, J.
Douglas                                     Cherry

cc:    Hon. Michelle Leavitt, District Judge
       Mueller Hinds & Associates
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk